IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SWEET ASTER REDDICK, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:16-CV-1997-D |
| VS. § | |
| § | |
| DEUTSCHE BANK NATIONAL § | |
| TRUST COMPANY, AS TRUSTEE § | |
| FOR HSI ASSET SECURITIZATION § | |
| CORPORATION 2006-OPT2, § | |
| MORTGAGE PASS-THROUGH § | |
| CERTIFICATES, SERIES 2006-OPT2, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this action seeking declaratory relief, to quiet title, and a permanent injunction, defendant Deutsche Bank National Trust Company, as Trustee for HSI Asset Securitization Corporation 2006-OPT2, Mortgage Pass-Through Certificates, Series 2006-OPT2 ("Deutsche Bank"), moves for summary judgment on all claims. For the reasons that follow, the court grants Deutsche Bank's motion and dismisses this action with prejudice by judgment filed today.

I

In 2005 plaintiffs Sweet Aster Reddick and Bessie L. Reddick (the "Reddicks") obtained a Texas home equity loan from Alpha Mortgage USA, Inc.[1] The loan was secured

---

[1]The court recounts the evidence in favor of the Reddicks as the summary judgment nonmovants and draws all reasonable inferences in their favor. *See, e.g., Owens v.*

by a lien on the Reddicks' residential property located in Dallas (the "Property"). The loan and lien (collectively, the "Mortgage") were later assigned and transferred to Deutsche Bank.

The Reddicks made consistent payments on the Mortgage until 2009, when they experienced financial hardship. Pursuant to the optional acceleration clause in the security agreement, which gives the lender the right to sell the Property if the borrower fails to cure a default,[2] Deutsche Bank sent the Reddicks a Notice of Default and Intent to Accelerate.[3] On May 24, 2011 Deutsche Bank accelerated the debt, and on June 20, 2011 Deutsche Bank attempted to exercise its power of sale under the Mortgage by applying for an order allowing it to foreclose on the Property pursuant to Tex. R. Civ. P. 736. This foreclosure proceeding was dismissed on December 12, 2011, after the Reddicks filed a separate foreclosure prevention lawsuit against Deutsche Bank on October 20, 2011. The lawsuit eventually was dismissed with prejudice on September 9, 2014.[4]

---

*Mercedes–Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

[2]The security instrument states: "If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law." P. App. 20.

[3]The notice stated that if the Reddicks did not cure the alleged default by May 17, 2011, the lender "shall accelerate the entire sum of both principal and interest due and payable, and invoke any remedies provided for in the Note and Security Instrument, including . . . the foreclosure sale of the property." P. App. 27.

[4]This lawsuit was pending from October 20, 2011 until it was dismissed on September 9, 2014. It was thus pending for 1,055 days.

The Reddicks remained in default after the dismissal of the lawsuit, and, on June 8, 2015, Deutsche Bank sent them a new Notice of Default and Intent to Accelerate. Deutsche Bank sent another notice of acceleration on September 14, 2015. On November 10, 2015 Deutsche Bank filed another Rule 736 proceeding. This suit was abated when the Reddicks filed the present lawsuit in Texas state court, and the Rule 736 proceeding was ultimately dismissed on February 29, 2016.

On July 8, 2016 Deutsche Bank removed the instant case to this court. In this lawsuit, the Reddicks seek a declaration that Deutsche Bank's lien on the Property is void, to quiet title to the Property, and a permanent injunction. All three claims rely on the Reddicks' contention that Deutsche Bank's lien on the Property is void due to the expiration of the statute of limitations. Deutsche Bank moves for summary judgment dismissing all of the Reddicks' claims. The Reddicks oppose the motion.

II

Deutsche Bank moves for summary judgment on claims for which the Reddicks will have the burden of proof at trial. Because the Reddicks will have the burden of proof, Deutsche Bank's burden at the summary judgment stage is to point the court to the absence of evidence of any essential element of the Reddicks' claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once it does so, the Reddicks must go beyond their pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the

Reddicks' favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Reddicks' failure to produce proof as to any essential element of a claim renders all other facts immaterial. *TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the Reddicks fail to meet this burden. *Little*, 37 F.3d at 1077.

III

Where, as here, the proper resolution "turns on the interpretation of Texas law, '[this court is] bound to apply [Texas] law as interpreted by the state's highest court.'" *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel L.L.C.*, 620 F.3d 558, 564 (5th Cir. 2010) (second brackets in original) (quoting *Barfield v. Madison Cnty., Miss.*, 212 F.3d 269, 271-72 (5th Cir. 2000)). Under Texas law, a home equity loan may only be foreclosed upon by a court order. *See* Tex. Const. Ann. Art. XVI, § 50(a)(6)(D). When a lender exercises its power of sale granted in a mortgage, Rule 736 provides the procedure for obtaining a court order.[5] *See* Tex. R. Civ. P. 735.1. Lenders may opt instead to pursue an order by judicial foreclosure. *See* Tex. R. Civ. P. 735.3 ("A Rule 736 order is not a substitute for a judgment for judicial foreclosure, but any loan agreement, contract, or lien that may be foreclosed using Rule 736 procedures may also be foreclosed by judgment in an action for judicial foreclosure.").

---

[5]"Rule 736 provides the procedure for obtaining a court order, when required, to allow foreclosure of a lien containing a power of sale in the security instrument, dedicatory instrument, or declaration creating the lien, including a lien securing . . . a home equity loan, reverse mortgage, or home equity line of credit under article XVI, sections 50(a)(6), 50(k), and 50(t) of the Texas Constitution[.]" Tex. R. Civ. P. 735.1.

"A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien" must take place within four years after the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.035(b) (West 2017).[6] When this four-year period expires, "the real property lien and a power of sale to enforce the real property lien become void." *Id*. at § 16.035(d); *Cline v. Deutsche Bank Nat'l Tr. Co.*, 2015 WL 4041791, at *5 (N.D. Tex. July 2, 2015) (Fitzwater, J.) (citing *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App. 2010, no pet.)). If a noteholder has the option to accelerate, then the date of accrual is the date the noteholder exercises the option. *Khan*, 371 S.W.3d at 353 (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). Although accrual is a legal question, "whether a holder has accelerated a note is a fact question." *Cline*, 2015 WL 4041791, at *5 (quoting *Holy Cross*, 44 S.W.3d at 568).

IV

The material facts in this case are largely undisputed, and the parties focus instead on the legal issue of tolling. Neither side disputes that the Reddicks' claims accrued when Deutsche Bank accelerated the loan on May 24, 2011. The Reddicks maintain that Deutsche Bank exercised its option to accelerate the debt on May 24, 2011, that the statute of limitations expired on May 24, 2015, and that the lien is void. Deutsche Bank primarily contends the statute of limitations was tolled when the Reddicks filed the two lawsuits

---

[6]A four year statute of limitations similarly applies to judicial foreclosures, or "suit[s] for the recovery of real property under a real property lien or the foreclosure of a real property lien." Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a) (West 2017).

because it could not foreclose under Rule 736 while the lawsuits were pending. The Reddicks maintain that because Deutsche Bank could have pursued a legal remedy while the lawsuits were pending—by filing a suit or counterclaim to request foreclosure—the statute of limitations was not tolled. The court disagrees.

"A proceeding or order under [Rule 736] is automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale." Tex. R. Civ. P. 736.11(a). If an automatic stay is in effect, any foreclosure sale of the property is void. *See* Tex. R. Civ. P. 736.11(d). Additionally, Deutsche Bank could not exercise this right by bringing a Rule 736 proceeding or a counterclaim in a borrower's suit against the lender. *See Steptoe v. JPMorgan Chase Bank, N.A.*, 464 S.W.3d 429, 433 (Tex. App. 2015).[7] Thus Deutsche Bank was entirely prevented from pursuing a Rule 736 proceeding for the duration of the Reddicks' lawsuits.

Deutsche Bank's ability to exercise its judicial foreclosure remedy during the lawsuits has no effect on its right to exercise its power of sale under the Mortgage. "[J]udicial foreclosure and the ability of a trustee to foreclose under the power of sale in a deed of trust [or mortgage] are separate and distinct remedies, either of which the trustee may elect to

---

[7]"[A Rule 736 proceeding] is a special, expedited proceeding with a unique procedural mechanism that is not compatible with the administration of a suit brought by a borrower to challenge the propriety of a loan agreement." *Steptoe*, 464 S.W.3d at 433.

pursue." *In re Erickson*, 566 Fed. Appx. 281, 284 (5th Cir. 2014) (per curiam).[8] The Fifth Circuit is generally averse to fashioning rules that give debtors the power to force lenders to choose a certain remedy. *See Nunnery v. Ocwen Loan Servicing, L.L.C.*, 641 Fed. Appx. 430, 433–34 (5th Cir. 2016) (per curiam) ("[L]enders have a substantive right to elect judicial or nonjudicial foreclosure in the event of a default, and debtors have no right to force the lender to pursue a judicial foreclosure remedy."). Rule 736 requires very different procedures from those of a judicial foreclosure. *See Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 682 (Tex. App. 2011, no pet.) ("As its name suggests, Rule 736 provides a faster, more streamlined alternative to judicial foreclosure."). Here, Deutsche Bank, as part of a bargained-for exchange, has a contractual right to foreclose on the Property under the powers of the loan agreement. *See Curry v. Ocwen Loan Servicing LLC*, 2016 WL 3920375, at \*6 (S.D. Tex. July 14, 2016) (citing *Pioneer Building & Loan Ass'n v. Johnston*, 117 S.W.2d 556, 557-59 (Tex. Civ. App. 1938, writ dism'd)).

---

[8]The Reddicks cite *Deutsche Bank Nat'l Trust Co. v. Ra Surasak Ketmayura*, 2015 WL 3899050, at \*8-9 (W.D. Tex. June 10, 2015), for the principle that a plaintiff's suit for injunction against non-judicial foreclosure does not toll the statute of limitations because it does not impede the lender's ability to seek judicial foreclosure. But the Reddicks state the rule too broadly. In that case the district court, relying on the distinction between nonjudicial and judicial remedies, held only that the dismissal of a Rule 736 proceeding does not toll the statute of limitations for *judicial foreclosure*, not for all foreclosure remedies. *See id.* at \*9. The Reddicks' citation of *Landers v. Nationstar Mortgage, LLC*, 461 S.W.3d 923 (Tex. App. 2015, pet. denied), is similarly misplaced, because that case does not involve a nonjudicial foreclosure remedy. *Landers* merely states that, because the injunction in question did not restrain the defendant from filing suit for judicial foreclosure of its lien, the statute of limitations for such a suit was not tolled. *Id.* at 926.

It is a well-established equitable principle of Texas law that, where "a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991). Because Deutsche Bank has been unable to pursue foreclosure under Rule 736 for the duration of the lawsuits, the court holds that the statute of limitations for exercising the power of sale was tolled through the duration of the first lawsuit for 1,055 days and will be tolled through the duration of the current lawsuit. *See HSBC Bank USA, N.A. v. Crum*, 2016 WL 728569, at *5 (N.D. Tex. Feb. 24, 2016) (Boyle, J.) (holding that four year statute of limitations to foreclose on note tolled by foreclosure prevention suit). Thus Deutsche Bank holds a valid lien on the Property because it can still exercise its right to foreclose under Rule 736.[9]

---

[9]Deutsche Bank maintains that, by sending new Notices of Default and Intent to Accelerate in June 2015, it abandoned any prior acceleration of the debt. Because the court holds that the statute of limitations was tolled for 1,055 days, and the four year period as of now has not expired, it need not reach the acceleration question.

* * *

For the reasons explained, the court grants Deutsche Bank's motion for summary judgment and dismisses this lawsuit with prejudice.

**SO ORDERED**.

December 12, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE